UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MARIA MONGE | § | CIVIL ACTION |
| Plaintiff | § | |
| | § | |
| VS. | § | NO. 1:22-CV-124 |
| | § | |
| WALMART STORES TEXAS, L.L.C. | § | |
| AND RANDLOPH STANLEY | § | |
| Defendants | § | JURY |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COME NOW Defendants, WALMART STORES TEXAS, LLC ("Walmart") and RANDOLPH STANLEY ("Stanley") in accordance with 28 U.S.C.§§ 1332, 1441, and 1446 *et seq.*, and file their Notice of Removal of the above-styled case from the 58th Judicial District Court, Jefferson County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division, based on diversity of citizenship of the parties.

## I.

Pursuant to the applicable federal statutes and the Local Rules for the Eastern District of Texas, Defendants attach the following documents in support of this Notice of Removal:

1. Attachment A -     State Court Petition;

2. Attachment B -     Citation of Service and Notice of Service of Process on Walmart Stores Texas, LLC;

3. Attachment C -     Defendants Walmart Stores Texas, LLC's and Randolph Stanley's State Court Answer;

4. Attachment D -     Civil Docket;

5. Attachment E -     List of Parties and Counsel;

6. Attachment F -     State Court Information Sheet; and,

The documents attached hereto as Attachment "A" through "C" comprise true and correct copies of all executed process and pleadings served upon Defendants and of all documents filed in the state court action.

In filing this Notice of Removal, Defendants expressly reserve all other questions other than that of removal, for the purpose of further pleadings.

## II.

## STATE COURT ACTION

Plaintiff's Original Petition, styled *Maria Monge vs. Walmart Stores Texas, LLC and Randolph Stanley*, Cause No. A-209358, was filed on February 22, 2022, in Jefferson County, Texas, and assigned to the 58th Judicial District Court, Jefferson, Texas located at 1185 Pearl St., Beaumont, TX 77701.

## III.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges she was shopping at the Walmart store located in Port Arthur, TX when she slipped and fell as a result of a liquid on the floor that was from a leaking refrigerator. "*suffered severe injuries*".  *See* Exhibit A – Plaintiff's Original Petition, at Paragraphs IV – VI. Plaintiff claims that Defendants acted negligently and recklessly by failing to remove the dangerous condition and failing to warn Plaintiff of the danger.  *See Id.* at V and VI.

Plaintiff further alleges that at all material times Defendant Stanley was acting within the course and scope of his employment or official duties with Walmart and in furtherance of the duties of his office or employment.  *See Id.* at Paragraph V.

Plaintiff further alleges that Defendants' negligence, was a proximate result of Plaintiff's injuries.  *See Id.* at Paragraph IX.

## IV.

## DIVERSITY OF CITIZENSHIP

Plaintiff is a citizen of Jefferson County, Texas.  *See Id.* at II.

Defendant, Walmart Stores Texas, LLC, is a Delaware limited liability company, and is an indirectly, wholly-owned subsidiary of Wal-Mart, Inc.  The sole member of Walmart Stores Texas, LLC, is Walmart Real Estate Business Trust.  The sole unit holder of Walmart Real Estate Business Trust is Walmart Property Co. which is a wholly owned subsidiary of Walmart Stores East, LP.  Walmart Stores East, LP, a Delaware limited partnership, of which WSE Management, LLC, is the general partner, and WSE Investment, LLC, is the limited partner. The sole member of WSE Management, LLC, and WSE Investment, LLC, is Walmart Stores East, LLC (fka Walmart Stores East, Inc.), whose parent company is Walmart, Inc.  The principal place of business of Walmart Stores Texas, LLC, is Bentonville, Arkansas.  Walmart, Inc., is a Delaware corporation with its principal place of business in Arkansas.  Accordingly, there is complete diversity of citizenship between Plaintiff and the Defendant.  28 U.S.C. §§ 1332, 1441.

Defendant, Stanley is a citizen of the State of Texas, but has been improperly (fraudulently) joined in this lawsuit.

Accordingly, there is complete diversity of citizenship between Plaintiff and the Defendants.  28 U.S.C. §§ 1332, 1441.

## V.

## FRAUDULENT JOINDER OF DEFENDANT STANLEY

As set forth, *supra*, Defendant Stanley is a citizen of the State of Texas.  At the time of the incident, Stanley was employed as a cashier for Walmart at Walmart Supercenter Store #449,

located at 4999 Twin City Highway, Port Arthur, Jefferson County, Texas.  Plaintiff contends that Stanley is liable in damages.  *See* Exhibit A.

The citizenship of non-diverse defendants may be disregarded for the purposes of determining diversity if fraudulent joinder is established. *Dodson v. Spiliada Mar. Corp.,* 951 F.2d 40, 42-43 (5th Cir. 1992).  Absent outright fraud in the pleadings, an in-state defendant is fraudulently or improperly joined if the Court finds "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).  The Fifth Circuit emphasized that such possibility must be reasonable, and not be merely theoretical. *Id.* at 573 n. 9.  To make this determination, the Court conducts a "Rule 12(b)(6)-type analysis." *Id.* at 573.

An employee may be held individually liable for his or her actions in an employment context only if the employee owes an independent duty of care to the claimant apart from the employer's duty, or commits an intentional tort against the claimant. *Leitch v. Hornsby,* 935 S.W.2d 114, 117 (Tex. 1996) (emphasis added).

In 1999, in *Palmer v. Wal-Mart Stores, Inc.*, 65 F.Supp.2d 564 (S.D. Tex. 1999), plaintiff filed suit in state court and in her petition, named the store manager as a defendant.  Thereafter, the defendant removed the case to federal court and plaintiff filed a motion to remand.  *See Id.* In denying the plaintiff's motion to remand, the Court noted that Palmer made no allegations that the store manager owed "her any *independent* duty or duty of reasonable care, apart from that which his employer owed any store patron."  *See Id.* at 567 (emphasis in original).  Indeed, Palmer merely alleged that the manager was "liable for some action plainly committed within the

course and scope of his employment as a [store manager]." *See Id.*  The Court held that "[i]n light of the controlling *Leitch* precedent, the joinder of [the store manager] for purposes of defeating diversity jurisdiction borders on being sanctionable." *Id.*

In contrast, the Fifth Circuit noted that "*Leitch* was not a premises case and we cannot say with full confidence that it will be applied outside of the employer-employee context." *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290, 294 n. 5 (5th Cir. 2000).  However, thereafter, the Texas Supreme Court confirmed that the broad applicability of *Leitch* includes invitor-invitee circumstances.  *Tri v. J.T.T.,* 162 S.W. 3d 552, 562-63 (Tex. 2005).  Subsequently, in *McKinney v. Home Depot, USA, Inc.,* 2006 WL 2947324 (N.D. Tex. 2006) (not reported), the court examined whether a managerial employee was properly joined in a suit arising from a premises liability claim.  Citing *Tri,* the Court held that the principles of *Leitch* were controlling and that unless an employee owed an independent duty to a plaintiff, there was no reasonable possibility of recovery against employee and, therefore, the employee was improperly joined as a defendant. *Id.* at *2.  *See also, Allen v. Home Depot U.S.A., Inc.,* 2004 WL 2270001, *2 (W.D. Tex. 2004) (not reported) (holding that a manager was improperly joined as a defendant despite the fact that plaintiff's petition stated that an independent cause of action existed against the manager but also stated that the manager and all other employees were acting in the course and scope of their employment).

The alleged acts and omissions which Plaintiff attributes to Stanley do not include the commission of an intentional tort or negligent activity by Stanley. On the contrary, Plaintiff's Petition alleges that at all material times, Stanley was acting in the course and scope of his employment or official duties with Walmart.  *See Id.* at Paragraph V.  Accordingly, Stanley was

fraudulent and/or improperly joined as a Defendant in this case and his citizenship should be disregarded for the purposes of determining diversity.

## VI.

## CONTROVERSY

The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 because it is a civil action wherein Plaintiff alleges that the matter in controversy exceeds the minimum jurisdictional limits of this Court exclusive of interest and costs and because the action is between citizens of different states.

Plaintiff's Original Petition "seeks damages (including punitive damages) of "$250,000.00 but not more than $1,000,000.00…." *See* Exhibit A, Paragraph I.  Thus the alleged amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. Accordingly, Defendants have established that Plaintiff's alleged amount in controversy is sufficient to confer federal jurisdiction in this Court.

For the reasons stated above, this Court has original jurisdiction of this case pursuant to 28 U.S.C. §1332(a).

## VII.

## REMOVAL IS TIMELY

Removal is timely.  Defendant, Walmart Stores Texas, LLC, received Plaintiff's Original Petition on February 25, 2022.  Defendant Stanley was served with citation on March 10, 2022. As such, service on Defendants has been less than 30 days from filing this Notice of Removal. *See* 28 U.S.C. § 1446(b).

## VIII.

## VENUE

This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because the district and division embrace the place where the removed action has been pending.

## IX.

## FILING WITH STATE COURT AND NOTICE TO PLAINTIFF

Upon filing of this Notice of Removal of the cause, Defendants gave written notice of the filing to the Plaintiff through Plaintiff's counsel as required by law.  A copy of this Notice is also being filed with the 58th Judicial District Court of Jefferson County, Texas, where this cause was originally filed.  A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

## X.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants, WALMART STORES TEXAS, LLC and RANDOLPH STANLEY, pray that the United States District Court for the Eastern District of Texas, Beaumont Division, accept this Notice of Removal and assume jurisdiction of this matter and issue any orders and processes necessary to bring Plaintiff, MARIA MONGE, and Defendants, WALMART STORES TEXAS, LLC and RANDOLPH STANLEY, before it, and to effectively prevent further proceedings of this case in the 58th Judicial District Court of Jefferson County, Texas.

Respectfully submitted,

MEHAFFY WEBER, P.C.

/s/ Karen L. Spivey

7

KAREN L. SPIVEY
KarenSpivey@mehaffyweber.com
Federal Id. No.11680
Texas Bar No. 18955100
ATTORNEY IN CHARGE FOR DEFENDANTS,
WALMART STORES TEXAS, LLC
AND RANDOLPH STANLEY
GORDON R. PATE
GordonPate@mehaffyweber.com
Federal Id. No. 9811
Texas Bar No. 15563000
P.O. Box 16
Beaumont, TX 77704-0016
2615 Calder Avenue, Suite 800
Beaumont, TX 77702
Ph:     409-835-5011
Fx:     409-835-5177

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to opposing counsel of record on this 25th day of March, 2022, in accordance with the Federal Rules of Civil Procedure by certified mail, addressed as follows:

Juan H. Gonzalez
BEGUM LAW GROUP
2401 Wild Flower, Suite B
Brownsville TX 75626
BrownsvilleLegal@begumlawgroup.com
Ph:     956-982-1800
Fx:     956-982-8602

/s/ Karen L. Spivey
KAREN L. SPIVEY