FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
2/22/2022 3:55 PM
JAMIE SMITH
DISTRICT CLERK
A-209358

CAUSE NO.: _____

| | | |
|---|---|---|
| MARIA MONGE | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| V. | § | _____ JUDICIAL DISTRICT |
| | § | |
| WAL-MART STORES TEXAS, L.L.C. | § | |
| AND RANDOLPH STANLEY | § | |
| *Defendants.* | § | JEFFERSON COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, NOTICE OF INTENT TO USE DOCUMENTS PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7, AND PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANTS OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE RULE 609(F)**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Maria Monge, complaining of and about Wal-Mart Stores Texas, L.L.C. and Randolph Stanley, hereinafter collectively referred to as 'Defendants', and for cause of action show unto the Court the following:

**I.**
**CLAIMS FOR RELIEF AND DISCOVERY CONTROL PLAN**

Plaintiff seeks damages (including punitive damages) of $250,000.00 but not more than $1,000,000.00 pursuant to Texas Rules of Civil Procedure 47(c)(4). Plaintiff intends that discovery be conducted under Discovery Level 3.

**II.**
**PARTIES AND SERVICE**

Plaintiff Maria Monge ('Plaintiff') is an individual whose address is 3006 11th Street, Port Arthur, Texas 77642.

Defendant Wal-Mart Stores Texas, L.L.C. ('Defendant Wal-Mart'), a nonresident for profit corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business

Exhibit A

Organizations Code by serving the Registered Agent of the Corporation: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

Defendant Randolph Stanley ('Defendant Stanley'), an individual who is a resident of Texas, may be served with process at his home at the following address: 515 North 26th Street, Nederland, Texas 77627 or wherever he may be found. Service of said Defendant as described above can be effected by personal delivery.

### III.
### JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

This court has jurisdiction over Defendant Wal-Mart because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

Venue in Jefferson County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

The Court has jurisdiction over Defendant Stanley because Defendant Stanley is a Texas resident.

### IV.
### FACTS

On or about August 11, 2021, at at all times material hereto, Defendant Wal-Mart was the possessor in control of the premises located in Hidalgo County at 2410 East Expressway 83, Mission, Texas 78572.

On or about May 19, 2020, Plaintiff entered into the aforementioned premises at the invitation of Defendant Wal-Mart to engage in the act of purchasing various items of merchandise sold by Defendant Wal-Mart. As Plaintiff was walking though thea check-out aisle, she slipped and fell as a result of a liquid on the floor. Upon information and belief, the liquid originated from a leaking refrigerator and had not been properly identified and/or addressed by Defendant Wal-Mart.

Additionally, upon information and belief, Defendant Wal-Mart educates its employees regarding the hazards associated with leaks and the failure to alert or warn customers of wet floor surfaces. Further, employees are educated and made aware that wet surfaces can and may cause customers to sustain serious bodily injury. As such, they are instructed to keep a close watch for wet floor surfaces. On said date, Defendant Wal-Mart failed to ensure that its employees conducted proper inspections of the area in question.

As a result of the fall, Plaintiff was severely injured. Due to the severity if her injuries, Plaintiff has required medical care. Plaintiff's bodily injuries occurred as a direct result of the fall that was proximately caused by the dangerous condition described above, which Defendant Wal-Mart knew, or in the exercise of ordinary care, should have known existed, but failed to remove.

It is Plaintiff's belief that Defendant Wal-Mart, by and through it employees, failed to maintain a safe environment and failed to warn Plaintiff of the impending danger.

Exhibit A

Further, Defendant Stanley was under the scope of employment with Defendant Wal-Mart.

## V.
## LIABILITY OF RANDOLPH STANELY

At all times mentioned herein, Defendant Stanley was engaged in the management, supervision, and care of the Wal-Mart premises, and specifically was engaged in the management, supervision, and care of the Wal-Mart building located at 4999 Twin City Highway, Port Arthur, Texas 77642.

At all times mentioned herein, Defendant Stanley had such control over the premises in question that Defendant Stanley owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

Defendant Stanley acted negligently and recklessly by failing to properly remove the dangerous condition. Defendant Stanley failed to warn Plaintiff of the danger. Defendant Stanley or Defendants' agents knew that he had undertaken these actions despite the fact that Defendant Stanley or Defendants' agents knew or should have known of this dangerous activity and that there was likelihood of a person being injured as occurred to Plaintiff.

At all times material hereto, Defendant Stanley was acting within the course and scope of his employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant Stanley is further liable for the negligent acts and omissions under the doctrine of *respondeat superior*.

## VI.
## LIABILITY OF DEFENDANT WAL-MART

Exhibit A

On or about May 19, 2020, and at all times relevant herein, Defendant Wal-Mart was the possessor of the property in question and owned, occupied, or maintained the premises located at 4999 Twin City Highway, Port Arthur, Texas 77642.

At all times relevant herein, Defendant Wal-Mart had such control over the premises in question that Defendant Wal-Mart owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

Defendant Wal-Mart and Defendant Wal-Mart's agents, servants, and employees negligently permitted the unsafe floor condition, negligently or willfully allowed such condition to remain, and negligently or willfully failed to warn Plaintiff of the unsafe condition. This condition existed despite the fact that Defendant Wal-Mart or Defendant Wal-Mart's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

Furthermore, Plaintiff would show the Court that the condition of the floor had continued for such period that had Defendant Wal-Mart or Defendant Wal-Mart's agents exercised ordinary care in the mainenance of the floor surface area, it would have been noticed and corrected by such persons.

At all times pertinent herein, Defendant Wal-Mart and any of Defendant Wal-Mart's agents, who were acting in the scope of their employment, were guilty of negligent conduct towards the Plaintiff in:

A.  Failing to maintain said premises in a reasonably safe condition;

B.  Failing to properly inspect and maintain the flooring area in question to discover the dangerous condition including the refrigerators;

C.  Failing to maintain the floor in a reasonably safe condition;

Exhibit A

D. Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the flooring area;

E. Failing to give warnings to Plaintiff of the unsafe condition;

F. Creating the unsafe condition by failing to repair the leaking refrigerator;

G. Failing to remove the liquid causing the slip and fall; and

H. Failing to maintain and/or inspect the refrigerators in use at or near the area in question.

## VII.
## RESPONDEAT SUPERIOR

At and during the time of the acts and/or omissions complained of herein, representatives of Defendant Wal-Mart committed acts and/or omissions within the scope of the general authority and for the accomplishment of the objectives for which such representative was employed.

Defendant Wal-Mart is therefore liable to Plaintiff for the acts and/or omissions of Defendant Wal-Mart's representatives under the doctrine of *respondeat superior*.

## VIII.
## PLAINTIFF'S CLAIM OF NEGLIGENT HIRING, SUPERVISION, AND/OR MANAGEMENT AGAINST DEFENDANT WAL-MART

Defendant Wal-Mart owed a duty to clients and customers, including Plaintiff, to exercise ordinary care in the hiring of competent employees, and in the supervision and management of their employees.

Defendant Wal-Mart failed to use ordinary care in these respects, including but not limited to failing to properly investigate potential job applicants, failing to properly supervise their personnel, failing to implement adequate safeguards to prevent the situation that resulted in Plaintiff's damages, and failing to provide adequate oversight for such employees. These conditions created an environment in which misrepresentations to clients and customers were

likely and reasonably foreseeable to occur, and which in fact did occur in the course of the transactions involving Plaintiff described hereinabove, which proximately caused the damages sustained by Plaintiff.

## IX.
## PROXIMATE CAUSE

Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant Wal-Mart, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## X.
## DAMAGES FOR PLAINTIFF

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer bodily injury, and to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in Jefferson County, Texas;

B. Reasonable and necessary medical care and expenses which, in all reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering in the future;

E. Physical impairment in the past;

F. Physical impairment which, in all reasonable probability, will be suffered in the future;

G. Loss of earning capacity which, in all reasonable probability, will be incurred in the future;

H. Disfigurement in the future;

I. Mental anguish in the past;

Exhibit A

J. Mental anguish in the future; and

K. Cost of medical monitoring and prevention in the future.

## XI.
## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED BY DEFENDANTS IN RESPONSE TO PLAINTIFF'S WRITTEN DISCOVERY PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7

Plaintiff hereby serves notice that Plaintiff intends to use any and all documents produced by the Defendants in response to written discovery propounded to Defendants. As such, the produced documents are self-authenticating pursuant to Texas Rules of Civil Procedure, Rule 193.7.

## XII.
## PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANTS OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f)

Plaintiff hereby serves notice to the Defendants, pursuant to Texas Rules of Evidence, Rule 609(f), that Plaintiff demands timely written notice by Defendants that Defendants demand to seek admission of criminal convictions, as defined in Texas Rules of Evidence, Rule 609(a) against any witness designated by any party as a relevant fact witness, testifying expert witness and/or any consulting expert witness whose mental impressions or opinions have been reviewed by a testifying expert witness.

## XIII.
## REQUIRED DISCLOSURES

Defendants are required to disclose, within thirty (30) days of the filing of their Original Answer, the information or material described in Rule 194.2(b)(1-12) of the Texas Rules of Civil Procedure.

## XIV.
## JURY DEMAND

Exhibit A

Plaintiff demands a trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**BEGUM LAW GROUP**

/s/ Juan Gonzalez
Juan H. Gonzalez
Texas Bar No.: 24087602
2401 Wild Flower, Suite B
Brownsville, Texas 78526
T. (956) 982-1800
F. (956) 982-8602
E. BrownsvilleLegal@begumlawgroup.com
*Attorney for Plaintiff*

## COURTESY NOTICE TO DEFENDANTS

If you had insurance at the time of the collision, please contact and forward a copy of this petition to your insurance company.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Nicole Granstaff on behalf of Juan Gonzalez
Bar No. 24087602
ngranstaff@begumlawgroup.com
Envelope ID: 61979222
Status as of 2/23/2022 8:39 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Juan HGonzalez | | BrownsvilleLegal@begumlawgroup.com | 2/22/2022 3:55:36 PM | SENT |

Exhibit A